Please note, this court is not in session. 3-16-0127, people of the Citadel and Winery, appealed by John Duffy v. Daniel Carl Minor, appealed by Mark Fisher. Good morning, Your Honors. May it please the Court, Counsel, I'm Mark Fisher from the Public Defender's Office and I'm representing the defendant, in this case, Daniel Minor. Daniel pled guilty to a charge of aggravated DUI, specifically that on December 11, 2012, he drove a motor vehicle, was involved in an accident resulting in the death of his front seat passenger, and that at the time he drove, he had some unidentified amount of cannabis in his system. This was an enhanced Class II felony, carrying a sentencing range of between 3 and 14 years imprisonment, with the possibility of probation. The judge sentenced Minor to a term of 12 years imprisonment. The two issues are raised on appeal. In the first issue, the defendant maintains that the sentence was excessive in abuse of the judge's discretion. We therefore ask this court to reduce his sentence. Alternatively, in Issue 1, he requests a remand for a new sentencing hearing because the judge misconstrued the nature of this offense, also considered improper factors in aggravation, and refused to consider applicable mitigation. In Issue 2, he submits that post plea counsel filed a deficient 604D certificate. We therefore ask this court in Issue 2 to remand the clause for de novo post plea proceedings. Now, I ask for argument this morning on my client's behalf. Inasmuch as Issue 2 is a 604D issue, and inasmuch as most 604D issues are relatively cut and dried, and result in a remand for de novo post plea proceedings, regardless of the merits of other issues raised on appeal, your honors might be wondering why I asked for argument. The defendant does believe that this certificate was deficient. At the same time, this 604D issue is a little bit more complex than most 604D issues. Defendant therefore understands that there is at least a possibility that this court could reject Issue 2. If this court does that, the defendant would like this court to take a very close look at what happened in sentencing in this case, because the defendant submits that the judge made glaring sentencing errors. Of course, sentencing judges have broad discretion and generally revealing courts defer to that discretionary call. Defendant submits this is one of those rare cases where this court should exercise its authority under Supreme Court Rule 615b-4 and reduce the sentence alternatively to remand for resentencing. Now, one of the primary problems as to the sentencing hearing in this case is that the judge misconstrued the offense to which the defendant pled guilty and for which he was being sentenced. Judge several times said, both at sentencing and at the hearing on the motion to reconsider sentence, that he was considering the aggravating factor of deterrence. That it was necessary to send a message to the public not to drive in such a condition that people die. He referenced the defendant's long-standing history of using cannabis and said that the defendant was a train wreck waiting to happen. That he should have known what might happen that day, and if only he had rid himself of his cannabis addiction years ago, this would never have happened. It's apparent from his comments that the judge believed he was sentencing the defendant for driving while impaired. That there was a causal connection between the defendant's ingestion of cannabis and the resulting accident. The record shows that simply was not the case. Again, the elements of this offense were that the defendant drove a vehicle, was involved in an accident, that the victim died, and at the time of the offense he had some unidentified amount of cannabis in his system. But there was absolutely no requirement and no evidence in this case of impairment. In fact, in People v. Fate and People v. Martin, the Illinois Supreme Court recognized that this type of aggravated DUI is really a per se violation, like a strict liability offense. And in Martin, the Supreme Court distinguished this type of aggravated DUI from other forms of aggravated DUI that do require a showing of impairment. Now, the defendant testified and also made consistent statements that on the morning in question, he and his passenger were driving to a construction work site, but they became lost. So, the passenger undid his seat belt, took out his cell phone, called their boss to get directions. Shortly after that, the defendant stated that an animal ran onto the roadway in front of his vehicle, causing him to swerve to avoid hitting the animal. Unfortunately, he lost control of the vehicle, was involved in a one-car accident, and his front seat passenger suffered injuries. He flagged down the passing motorist, asked him to call 911, help arrived, but unfortunately the victim did not survive. There was absolutely no evidence, either at the plea hearing or at sentencing, that the defendant was speeding or was driving recklessly or otherwise violating Illinois traffic laws just prior to this accident. No such evidence whatsoever. Now, there was evidence that some unidentified amount of cannabis was found in his system, and at the time of the plea, at the time of the sentencing, the state did not have to prove any threshold amount of cannabis. It's not like .80 with alcohol. Interestingly, since sentencing in this case, the legislature has now amended the statute, and for aggregated DUI based simply on amount of cannabis, the state must now prove a threshold amount, but the state did not have that requirement at this time. The defendant said that although he did use cannabis, he never used it prior to going to work, and there's no evidence to contradict that either. Now, the judge's comments, once again, clearly indicate that he sentenced the defendant as if there was proof of driving while impaired, and that simply was not the case. Now, the defendant certainly acknowledges that we do have a problem with people driving while impaired and getting into accidents. That problem exists, but to impose a near maximum sentence to send a message to the public that just doesn't fit with this offense clearly, clearly was improper. Another blaring error made by the judge at sentencing is that he considered in aggravation inherent elements in the offense. At sentencing, he said he was considering in aggravation that the defendant's conduct caused serious harm. Well, it caused serious harm because the front seat passenger died, but that is an inherent element of aggravated DUI. So it was something that the judge could not properly consider. This was brought to his attention at the hearing on the motion to reconsider sentence. He acknowledged his mistake. He said he was taking it back, but he then went on to say that he could consider it in aggravation in effect the loss of companionship of the victim's family members. Now, in the brief, I argued that the defendant should not be penalized because the victim leaves relatives. I think the more is that regardless of whether he leaves relatives or doesn't, whenever someone dies, there are going to be possibly family members, friends, coworkers, what have you, who are going to experience loss as a result of the victim's death. So this, again, is inherent in an offense where an element of the offense is that the person died. Now, if the state had only prosecuted the case, certainly the judge could consider injuries, but where the prosecution is aggravated DUI requiring proof of death, the judge cannot consider these inherent elements. And perhaps his consideration of those, again, contributed to his imposition of a near-maximum sentence. Finally, and equally as seriously as these other errors, the judge in refusing to consider very important mitigation. The defendant posted bond here prior to the plea and had to fulfill certain conditions of that bond. He fulfilled those. Most importantly, he had to seek drug treatment. And he obtained treatment at Chester Mental Health. He also joined two church-related treatment programs, church-sponsored treatment programs. In fact, there were witnesses at sentencing who said that he was very diligent in those programs, he spent more time than was minimally required, and he even tried to help other people involved in those programs. He had to obtain employment. He found not one, but two jobs. He had to abstain from drugs. He submitted various urine samples. They were all clean. He also took classes at Heartland Community College. And he testified that he was distraught by the victim's death and he was committed to changing his life. The prosecutor recognized this at sentencing and said the defendant was in the process of changing his life for the better. At sentencing, the judge said the defendant, in essence, had rehabilitated himself. At the hearing on the motion to reconsider, the judge said, well, he had rehabilitated himself to some degree. Very strong mitigation. Very appropriate mitigation that the judge was required to consider. But the judge said that he was not going to consider that in this case because it took the victim's death to cause the defendant to change. In effect, his changing his life, his rehabilitating himself, or taking steps to rehabilitate himself had come too late. I would submit to this court that it is never too late. Sure, it would have been better if it would have happened years ago, but that is not something the judge can refuse to consider. The judge must consider the circumstances surrounding the offense, the defendant's background and personal characteristics, and the defendant's prospects for rehabilitation. And so the judge committed numerous serious errors at sentencing in this case in the event that your honors do not remain for de novo post-plea proceedings, and the defendant still asks your honors to do that, but in the event you do not do that, he would respectfully ask your honors to either reduce his sentence to a lesser term of years, or alternatively to remain for resentencing with specific directions to the judge about what he can and cannot consider. I have one fact question for you. Somehow I've gotten it in my head that when the trial court refused to consider in litigation that he had considered in aggravation the fact that the family had lost him, that what he really said was it was the duration of their suffering that he was...is that accurate? That it was not just that they had lost him but the period of time that they were... Given his age, and I don't recall the victim's exact age, the defendant was 34, so the victim was probably in his 30s. I... whether a young individual dies as a result of an offense, whether an older individual dies, I don't think that is something appropriate for the judge to consider. It's... and especially in the case where you have an accident, in some way to say that an individual chooses a victim, the circumstances surrounding the offense here, as I have described, really shows that this was an accident. He was only prosecuted because he was found out of some amount of cannabis in the system. So he certainly didn't choose to cause the death of the individual, and so under those circumstances the length of time that a friend or a relative may be without that individual... Of course, we can look at tables as to life expectancy, but people die younger because of disease or what have you, so even the length of time I don't think is appropriate. And again, I think the bottom line is that loss of companionship is inherent in the death, which here is an element, required element, of activated DUI. Thank you, Your Honors. Thank you, Mr. Fisher. Ms. Duffy? Good morning, Your Honors. Mr. Fisher? First, I'd like to point out that all of the mitigating factors that counsel has argued for were on the record. There was testimony at the sentencing hearing on the defendant's case, and the trial judge considered all those factors and mitigation. To say that he didn't is just wrong. The record does not bear that out. What way he gave that is up to him. It is not for us to re-weigh those factors. That was up to the trial judge. As far as any improper sentencing factors, I think the judge made clear that, yes, you know what, I did comment on the fact that there's a death in this case, and I really didn't mean to say that the death is an aggravating factor. But it's also not outside his realm of discretion to note that someone has died. That is not using an improper factor. And he said he took into account, no doubt about it, that there was a death, but I did not mean to take that as the sole reason. That result is the reason for my sentence. My sentence was based upon everything else that was contained in the pre-sentence report and the evidence and the arguments that were presented on the day he was sentenced. Now, in the pre-sentence report, it was revealed that this defendant had been on probation several times, mostly because of a drug problem. He told the probation officer who did the pre-sentence report that he smoked cannabis two to three blunts daily from the age of 17 through February of 2013. And the only time he wasn't was when he was on intensive probation. He asked again to be placed on probation. And it also came about that this date in February of 2013, it was February 23rd of 2013, he was arrested after he was charged with the instant offense. He was arrested again for possession of cannabis. Now, to say that I want to deter people from smoking cannabis and getting in a car and driving, that's legitimate. That's a legitimate thing to do. It is not an improper sentencing factor. I think the pre-sentence report shows he'd been arrested several times, two felony convictions, and the judge placed great weight on this criminal history that he had. He'd been convicted of aggravated battery, two prior felonies, he'd been sentenced to probation, intensive probation, and ultimately probation had been revoked, seven convictions for traffic offenses, and one misdemeanor battery. Keeping in mind he received a sentence of 12 years imprisonment out of a range of 3 to 14 years. There's nothing in this record that shows an abusive discretion on the part of the trial judge, nor is there anything in here to show that he used improper considerations in sentencing this defendant for this offense. Now, the 604D argument that the defendant makes, we are making the argument that under the facts of this case and the applicable law, that this case does not need to be remanded for 604D. First of all, we've just argued a sentencing issue because the defendant entered an open guilty plea. And he had a sentencing hearing, he was sentenced, he filed a motion to reconsider his sentence, he was denied, he raises the issue here quite legitimately, and we have argued it. Boom. What's the only other thing he could do? Move to withdraw his guilty plea? He didn't want to do that. 604D, at the time this offense was committed, there's two portions of the rule that apply here. One, the rule says, no appeal shall be taken from a judgment entered on a plea of guilty unless the date on which the sentence is imposed. Files in the trial court a motion to reconsider a sentence if only the sentence is being challenged. Or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. The rule then goes on to state certain facts about negotiated guilty pleas, where a motion to withdraw the plea is mandatory. There's nothing set forth in this rule about this is the form that a 604D certificate should follow. Nothing. What counsel did in this case was file a 604D certificate that said that he had met with the defendant in person on multiple occasions to ascertain any and all contentions of error in the sentence. Further, he has examined the court file and reviewed the report of proceedings to determine if any additional amendments needed to be added for the adequate representation of any defects in the proceedings. And he advised the trial judge that this is the date where they had a hearing on the motion to reconsider a sentence. Defense counsel stated, we are not challenging the plea. We are not trying to undo the plea at all. However, I want the record clear on that. Our position is only with regards to the appropriateness of the sentence given. The defendant then agreed that he had had sufficient time with counsel and did not need any further time before proceeding on their motion. Can you remand this for further 604D proceedings? Yes, you can. Should you? Why should you? To what end? The defendant does not, even now, state that he wishes to withdraw his plea. Unless you have any questions, that's all I have, sir. Thank you. Thank you, Mr. Avery. Thank you, Your Honor. Just very briefly, with respect to the sentencing issue, the state correctly notes that all those mitigating factors were brought forth to the judge's attention. And, of course, the general rule is that the judge doesn't have to specifically recite the mitigation in one imposing sentence. There's a presumption that he considers that if it's brought to his attention, all this was brought to his attention. He comments it on quite a bit, but the problem here is he refused to consider saying that the defendant's rehabilitation and changing his life around that he believed it was irrelevant in this case because it took the victim's death. So he clearly was stating on the record that he was not considering it, and yet the Constitution requires him to consider the defendant's prospects for rehabilitation. The counsel references the defendant's post-incident arrest on a charge of cannabis. As it so happened, it came out that at the time of that incident, he was in an automobile with a friend. It was the friend's automobile. The friend was driving the automobile. The cannabis was apparently found in the automobile, not on the defendant's person. At the time that the defendant was originally sentenced in this case, it was still a pending charge, although the defendant said that he believed from talking to his attorney that it ultimately would be dismissed, it was error for the judge, even if the defendant hadn't said that, it would have been error for the judge to consider it because it was only a pending charge, and the defendant certainly did not admit it. At the hearing on the motion to reconsider sentence, defense counsel brought out the fact that that charge had been dismissed. So that is not something that could be considered an aggravation in this case. The last thing with respect to the second issue, it's true counsel said on the record, well, we're only challenging the sentence here, we're not challenging the plea. The one thing that we don't know from this record is what if any consultation might have taken place between counsel and his client. Now, interestingly, post-plea counsel was not plea counsel. By that I mean the attorney who represented the defendant at the plea hearing then proceeded to file a motion to reconsider sentence, but for some reason was incarcerated in federal prison before there could be a hearing on that motion. So the judge then appointed the public defender, and the assistant public defender basically presented that motion to reconsider sentence. The public defender did file the 604D certificate. Interestingly, one thing he said in that certificate is that he reviewed the report of proceedings to determine whether the motion to reconsider sentence needed to be amended. So there are questions here which cannot be answered, could have been answered, had counsel filed an adequate 604D certificate, and the defendant submits that it was not adequate. And so one of the forms of relief he asks here is a remand for de novo proceedings.  Thank you.